# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **LERON COLSTON, ET AL.** | **CIVIL ACTION NO. 6:09-0489** |
| **VS.** | **JUDGE MELANCON** |
| **ZURICH AMERICAN INSURANCE CO., INC., ET AL.** | **MAGISTRATE JUDGE HILL** |

## ORDER REGARDING JURISDICTIONAL AMOUNT

The undersigned has reviewed the Supplemental Memorandum Addressing Jurisdictional Amount [rec. doc. 10] submitted in response to the undersigned's Order requiring the defendants to file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. [rec. doc. 9]. Based on this review, the undersigned concludes that jurisdictional amount does **not** exist.

The parties may neither consent to nor waive federal subject matter jurisdiction where none previously existed. *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir.1999); *Anastasiadis v. S.S.Little John*, 339 F.2d 538, 539 (5th Cir.1964). Moreover, a plaintiff may not defeat removal by changing his damage request after removal of the action in order to defeat removal. *Association Nacional de Pescadores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir.1998) *citing St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L.Ed. 845 (1938). A plaintiff may, however, clarify the amount in controversy at the time of removal with a post-removal stipulation. *Id.* In such a case, the stipulation "clarif[ies] a petition that previously left the

jurisdictional question ambiguous...." *Id.* Thus, "the court is still examining the jurisdictional facts *as of the time* the case is removed" even though the information is submitted after removal. *Id.*

In this case, the injuries alleged in the plaintiffs' complaint are ones that are facially likely to be over the jurisdictional amount. However, from the complaint alone, the undersigned could not say that the claims were necessarily over the range that could confer federal jurisdiction. Thus, the complaint was ambiguous as to the value of plaintiffs' claims. That being the case, in accordance with *Dow Quimica*, the undersigned may consider the plaintiffs' attorney's stipulation stating that plaintiffs' claims do not exceed $75,000 in determining that jurisdiction does not exist because the stipulation clarifies the jurisdictional question left unanswered by the complaint. This determination is further supported by defendants' Supplemental Memorandum, since defense counsel agrees that it is evident that the "amount in controversy" can <u>not</u> be expected by a preponderance of the evidence or with reasonable certainty to exceed the sum of $75,000, exclusive of interest and costs. [rec. doc. 10, p. 3].

For these reasons, the undersigned concludes that the claims of Leron and Annie Mae Colston do not meet the jurisdictional amount. Therefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that this case is hereby **REMANDED** to the 27th Judicial District Court, Parish of St. Landry, State of Louisiana.

This Order is **STAYED** for a period of ten days to allow either party to appeal this Order to the district judge.

Signed this 4th day of August, 2009, at Lafayette, Louisiana.


_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE